Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, N.Y 10174
T: (212) 907-6677
F: (646) 308-1178

*Counsel for Plaintiff*



13 CIV 2891

RECEIVED APR 30 2013 U.S.D.C. S.D.N.Y. CASHIERS

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

ELLEN SENISI,

    *Plaintiff,*

v.

HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY; JOHN
DOES 1-10,

    *Defendants.*

Case No.:

**COMPLAINT AND
DEMAND FOR A JURY
TRIAL**

---

    Plaintiff ELLEN SENISI, by and through undersigned counsel, pursuant the applicable Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, hereby demands a trial by jury of all claims and issues so triable and for her Complaint against Defendants HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY and JOHN DOES 1-10, hereby asserts and alleges as follows:

### THE PARTIES

    1.    This is an action for copyright infringement and related claims brought by Plaintiff Ellen Senisi ("Senisi" or "Plaintiff") against Defendants Houghton Mifflin Harcourt Publishing Company ("HMH") and John Does 1-10.

1

2. Plaintiff is a professional photographer who makes her living taking and licensing photographs.

3. Plaintiff licenses her images directly to end users and through various licensing agents, including Photo Researchers and The Image Works.

4. HMH is a Massachusetts corporation with its principle place of business at 222 Berkeley Street, Boston, MA 02116.

5. HMH is a publishing company in the business of creating and publishing educational textbooks, instructional technology materials, reference works, and other similar materials and publications.

6. Upon information and belief, HMH engaged various yet-to-be-ascertained third parties, identified herein as Defendants John Does 1-10, to print and otherwise produce the infringing publications and materials identified herein. These yet-to-be-ascertained defendants are collectively referred to herein as the "Printer Defendants."

## JURISDICTION AND VENUE

7. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*; 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"); and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights); and 28 U.S.C. § 1367.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendants resides or may be found in

this District. Further, HMH conducts substantial business in this District, HMH is subject to personal jurisdiction in the State of New York, and Defendants infringed Plaintiff's copyrights in the State of New York and this District.

### FACTUAL ALLEGATIONS

9. Plaintiff is the owner of copyrights to numerous photographs that Defendants copied and published.

10. Defendant HMH obtained copies of Plaintiff's photos from Plaintiff directly and also from her licensing agents, including Photo Researchers and The Image Works.

11. This lawsuit pertains to photographs that HMH obtained from Plaintiff directly and photos that HMH obtained from Photo Researchers.

12. As set forth in Exhibit A, Plaintiff and Photo Researchers issued a number of limited licenses to HMH pertaining to specified textbooks and educational materials.

13. Exhibit A also identifies the photographs owned by Plaintiff that HMH published in its publications.

14. In all cases, Plaintiff's images were licensed to HMH for limited use only and subject to specific terms and conditions. Plaintiff's images were not licensed to HMH as "Royalty Free" images and thus any additional uses of her photos required HMH to purchase additional usage licenses.

15. In all cases, Plaintiff retained ownership of her copyrights in the images that were licensed to HMH.

16. When requesting copies of Plaintiff's photographs, HMH represented to Plaintiff and her agent, Photo Researchers, that it would not make any subsequent uses of Plaintiff's photographs without obtaining prior permission and paying agreed-upon license fees.

3

17. In negotiating license terms with Plaintiff and her agents, HMH represented that it intended to use Plaintiff's photos in publications with limited distributions or "print runs."

18. Plaintiff and her agent relied on HMH's representations regarding its intended print runs for particular publications in determining the requisite licensing fees to charge HMH.

19. Notwithstanding these representations, HMH repeatedly and routinely violated the express restrictions and limits of its licenses to use Plaintiff's photos.

20. In particular, HMH violated the distribution quantity or "print run" limitation set forth in the limited licenses it obtained to sue Plaintiff's photos. HMH thus violated its licenses by including Plaintiff's photos in more copies of the relevant publications than was authorized under its licenses.

21. HMH intentionally and knowingly underrepresented the uses that it intended to make of Plaintiff's photos in order to obtain lower licensing rates.

22. HMH also violated license terms by publishing Plaintiff's images in component and ancillary publications without permission or distributing the books in regions not permitted under the licenses.

23. In negotiating license terms with Plaintiff and her agents, HMH further represented that if it retained copies of Plaintiff's photographs, it would do so for archival purposes only and would not republish those photographs without prior permission and payment of agreed-upon license fees.

24. Notwithstanding these representations, HMH published Plaintiff's photos in publications prior to obtaining the necessary licenses.

25. Where HMH subsequently sought permission to use Plaintiff' images after it already began to use and exploit the images without a license or authorization, HMH falsely

represented that it was seeking prospective licensing rights despite the fact that the publication for which rights were being requested already had been printed and despite the fact that Plaintiff's images already had been copied and published.

26. In requesting permission to use Plaintiff's images in materials that already had been published, HMH concealed and misrepresented critical information when communicating with Plaintiff or her agents in order to create the false impression that such late requests for licensing rights pertained to future uses and, upon information and belief, did so intentionally to avoid punitive fees and to conceal its infringing uses of Plaintiff' images.

27. HMH violated Plaintiff's copyrights by publishing Plaintiff's photos without permission, without valid permission being obtained prior to copying, or using the photos in excess of the terms of the limited licenses issued to HMH.

## HMH'S PATTERN OF INFRINGEMENT

28. HMH's infringements of Plaintiff's copyrights are part of a broader, systematic pattern and practice.

29. HMH routinely and systematically used third-party photographic images without prior approval and in excess of applicable license restrictions.

30. This pattern and practice of misappropriating third-party content is evinced by the numerous lawsuits against HMH and its subsidiaries, divisions, and imprints in this District and around the country involving identical misconduct to that alleged here, including:

- *Krakauer v. Houghton Mifflin*, No. 07-cv-02055 (D. Colo.);

- *Semerdjian v. McDougal Littell*, No. 07-cv-07496 (S.D.NY.);

- *Wood. v. McDougal Littell*, No. 07-cv-01516 (D. Colo.);

- *Bean v. McDougal Littell*, No. 07-cv-08063 (D. Ariz.);

5

- *Beidleman v. Holt, Rinehart and Winston*, No. 07-cv-01220 (D. Colo.);

- *Alaska Stock v. Houghton Mifflin*, No. 09-cv-0061 (D. Alaska); and

- *Wu, et al. v. Houghton Mifflin*, No. 09-cv-6558 (HB) (S.D.N.Y.).

31. Each of these cases involved claims that HMH violated licenses to use third-party photos and/or used photos without adequate permission, just as Plaintiff alleges here.

32. The public filings in these copyright infringement lawsuits against HMH make clear that HMH routinely used third-party photographs prior to obtaining the necessary licensing rights and that HMH knows that it used thousands of third-party photographs prior to or without obtaining the necessary licensing rights.

33. HMH, as a sophisticated publisher with significant experience licensing third-party content, knows that it must obtain a license prior to using third-party content in its publications.

34. HMH knew at all times that it was improper to use third-party content prior to obtaining the necessary license and paying agreed-upon license fees.

35. Despite knowing that it must obtain a license to use third-party content, HMH routinely published Plaintiff's images in its publications without the necessary licenses being purchased prior to use. HMH also routinely violated the terms of its licenses to use Plaintiff's photos.

36. Upon information and belief, HMH has paid other third-party content providers punitive fees or penalties or higher licensing rates for using their photographs prior to obtaining permission and/or for violating licenses. These payments demonstrate that HMH knows that its use of Plaintiff's photos without a license or in excess of license terms was improper and infringing.

37. Despite having knowledge of license violations, HMH does not proactively inform all photographers and content providers whose photographs it knows or discovers it used prior to obtaining a license or in excess of a license that a violation occurred.

38. HMH refuses to disclose usage information to photographers and content providers in order to avoid punitive fees and limit its exposure to potential copyright infringement actions.

39. This pattern and practice of misappropriating third-party content demonstrates reckless disregard for the rights of the owners of those creative works, including Plaintiff.

**Photos Obtained From The Image Works**

40. HMM also obtained copies of Plaintiff's images from her other licensing agent, The Image Works.

41. Where HMH obtained a license to use Plaintiff's photos from The Image Works, Plaintiff received a portion of the license fees paid by HMH. As such, Plaintiff is a direct and intended beneficiary of the licensing agreements between HMH and The Image Works.

42. Plaintiff also is the owner of all copyrights of the photos licensed to HMH by The Image Works. Plaintiff did not transfer her copyrights in any photos to The Images Works.

43. As the owner of all copyrights in the photos licensed to HMH, Plaintiff is entitled to know what uses HMH has made of her images.

44. Given HMH's documented history of copyright infringement, Plaintiff reasonably suspected that HMH violated the terms of licenses issued by The Image Works and thus demanded an audit of HMH's use of any and all of her photos.

45. Despite knowing that Plaintiff is the copyright owner of the relevant photos, HMH has refused to provide information regarding its uses of Plaintiff's photos that were obtained from The Image Works.

46. Although HMH refuses to cooperate with Plaintiff's rightful efforts to determine what uses HMH has made of her photos, Plaintiff reasonably believes that HMH violated the terms of the licenses issued by The Image Works in the same way that HMH violated the licenses issued to HMH by Plaintiff and Photo Researchers.

47. At this time, Plaintiff is not asserting copyright claims against HMH relating to those photos that HMH obtained from The Image Works.

48. HMH's misuse of Plaintiff's photos obtained from The Image Works demonstrates a pattern of infringement wherein HMH repeatedly and habitually published third-party content in publications without having obtained the necessary licenses and/or violated the limited usage licenses it did obtain from The Image Works.

49. HMH's misuse of images obtained from The Image Works demonstrates a pattern of reckless disregard for Plaintiff's copyrights and, therefore, demonstrates that the infringements alleged herein are willful.

## COUNT I
### (COPYRIGHT INFRINGEMENT — AGAINST ALL DEFENDANTS)

50. Plaintiff repeats and re-alleges each allegation set forth in the prior paragraphs as if set forth fully herein.

51. Plaintiff's copyrights in and to photographs that are the subject of this action have been registered with the United States Copyright Office.

52. Plaintiff's copyrights are valid and enforceable.

53. Defendants infringed Plaintiff's exclusive copyrights in and to her creative works as alleged herein.

54. HMH and the Printer Defendants misappropriated and made unauthorized uses of Plaintiff's intellectual property by using her photos in excess of limited license terms and using photos without a prior license.

55. HMH's conduct was intentional, willful, reckless, and/or malicious.

56. Defendants' unauthorized and infringing conduct caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

57. The various infringements of Plaintiff's rights identified herein are part of a broader pattern and practice by HMH of infringing and misappropriating third-party photographic content, including by using third-party images prior to obtaining permission and using third-party images in excess of applicable license restrictions.

58. This pattern and practice of misappropriating third-party content constitutes a habit of infringement.

59. This pattern and practice of misappropriating third-party content demonstrates reckless disregard for the rights of the owners of those creative works, including images owned by Plaintiff.

60. Plaintiff seeks all damages recoverable under any applicable agreements and/or under the Copyright Act, including statutory or actual damages and Defendants' profits attributable to the infringing use of Plaintiff's creative works and the damages suffered as a result of the lack of compensation, credit, and attribution. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

## COUNT II
### (REQUEST FOR DECLARATORY JUDGMENT)

61. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

62. Plaintiff is the creator and copyright owner of various photographic works that HMH obtained from The Image Works and that HMH has published in various publications.

63. Upon information and belief, HMH used, copied, published, distributed, and exploited her photos that it obtained from The Image Works in excess of the terms of its limited licenses.

64. Defendant remains in sole possession of information regarding the scope of its use of Plaintiff's creative works, including the print run of these publications.

65. Although HMH is aware that Plaintiff owns the copyrights in the photos that it obtained from The Image Works, HMH refuses to disclose its uses of her photos and has resisted Plaintiff's rightful efforts to obtain information regarding the full scope of HMH's past, current, and ongoing usage of Plaintiff's creative works.

66. HMH's refusal to disclose to Plaintiff the uses it has made and is making of her creative works has caused significant and independent harm and injury to Plaintiff. Among other things, HMH's refusing to disclose to Plaintiff the unlicensed uses it has made and is making of her photos hinders, obstructs, and/or otherwise prevents Plaintiff's rightful efforts to protect her copyrights.

67. HMH's refusing to disclose to Plaintiff the uses it has made and is making of her creative works also precludes Plaintiff from ensuring that license terms are respected and that proper credit and attribution is made.

68. As the owner of the copyrights to the photos published by HMH, Plaintiff is entitled to know the full scope of Defendant's use of her creative works.

69. Plaintiff also is an intended or third-party beneficiary of all licensing agreements between HMH and The Image Works and thus she is entitled to know whether HMH violated those agreements.

70. HMH's refusing to disclose the full scope of its use of any of Plaintiff's works subject to a purported license agreement violates HMH's obligations to deal fairly and in good faith with content owners and beneficiaries of license agreements.

71. An actual controversy thus has arisen and now exists between Plaintiff and HMH concerning whether Plaintiff is entitled to know the full scope of Defendant's use of her creative works and whether Defendant is obliged to disclose such information to Plaintiff.

72. Plaintiff thus desires and requests a judicial determination of her rights, as the owner of the copyrights in the photographic works used and being used by Defendant, to know and to be provided information regarding the full scope of Defendant's use of those works.

73. A judicial determination of the parties' rights and duties is necessary and appropriate at this time under the circumstances in order to resolve this controversy between the parties and for the parties to be aware of their rights in order to assess and determine their legal options.

74. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing disclosure of this information and in litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment and for the following relief on its behalf and on behalf of the proposed class:

1.	A preliminary and permanent injunction against Defendants and anyone working in concert with Defendants from copying, displaying, distributing, advertising, promoting, selling or offering to sell Plaintiff's photographs identified in Exhibit A and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing Plaintiff's photographs identified in Exhibit A in the control or possession of Defendants;

2.	All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, and Defendants' profits attributable to infringement and damages suffered as a result of the lack of credit and attribution;

3.	All damages allowed under any applicable contracts or agreements;

4.	A declaration of Plaintiff's right to know what uses Defendants have made of her photographic works;

5.	Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

6.	All allowable damages caused by and/or resulting from Defendants' violation and infringement of Plaintiff's rights in and to this creative visual works;

7.	Any other relief authorized by law, including punitive and/or exemplary damages; and

8.	For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated April 30, 2013
New York, New York.

                          Respectfully submitted,

                          NELSON & McCULLOCH LLP

By: _____
                        Danial A. Nelson (DN4940)
                        Kevin P. McCulloch (KM0530)
                        The Chrysler Building
                        405 Lexington Ave., 26th Floor
                        New York, N.Y 10174
                        T: (212) 907-6677
                        F: (646) 308-1178

                        dnelson@nelsonmcculloch.com
                        kmcculloch@nelsonmcculloch.com

                        *Attorneys for Plaintiff*

# EXHIBIT A

# EXHIBIT A

| Image ID | Image Description | Licensor | Licensee | Invoice No. | Publication Title |
|---|---|---|---|---|---|
| 3M9096 – ?PN-24505 | Girl (16) plays w pet reptile | Photo Researchers | Harcourt Brace | 92832 | unlisted |
| 8M9099 – ?PN-24505 | Pet | Photo Researchers | Holt Reinhart Winston | 103205 | unlisted |
| 359671 – PN-27095 | Rehearsal for students of SHS Jazz Band | Photo Researchers | Holt Reinhart Winston | 111637 | unlisted |
| 359672 – PN-27095 | Rehearsal for students of SHS Jazz Band | Photo Researchers | Holt Reinhart Winston | 112296 | unlisted |
| BA3296 | Pledge of Allegiance | Photo Researchers | Houghton Mifflin | 145236 | Journeys 2014 |
| GS-AC-ASLconv3-5 | Hearing impaired students at bus time use ASL | Direct | Houghton Mifflin College Division | ST0817-B | Educating Exceptional Children - 12e |
| PN-10031 | Girl (4) hugs her brother (10, spina bifida) | Direct | Houghton Mifflin College Division | ST0817 | Educating Exceptional Children - 12e |
| AD-g4m_3701 | Grade 4 boy (Asperger's Syn.) communicates w. classmate | Direct | Houghton Mifflin College Division | ST0817 | Educating Exceptional Children - 12e |
| PN-20923 | Aide talks to upset student (boy, 5, ADHD) | Direct | Houghton Mifflin College Division | ST0817 | Educating Exceptional Children - 12e |
| PN-28506 | Students raise hands, inc. girl (6, CP) | Direct | Houghton Mifflin College Division | ST0817 | Educating Exceptional Children - 12e |
| PN-10447 | Visually impaired girl does art activity w. others | Direct | Houghton Mifflin College Division | ST0817 | Educating Exceptional Children - 12e |
| PN-20591 | Occupational therapist w. boy (developmentally disabled) | Direct | Houghton Mifflin College Division | ST0817 | Educating Exceptional Children - 12e |
| PN-29121 | Pre-K. girl with drum | Direct | Houghton Mifflin School Division | ST0502 & ST0442 | Pre-K Teacher's Resource Books |
| PN-26229 | Teacher helps girl w. red shirt | Direct | Houghton Mifflin School Division | ST0502 & ST0442 | Pre-K Teacher's Resource Books |
| PN-28894 | Follow the Leader game | Direct | Houghton Mifflin School Division | ST0443 | Pre-K Teacher's Resource Books |
| AA-SPR-S-0001 | Family at Passover seder meal | Direct | Harcourt School Publishers | ST0423 | Social Studies California 2007 SE, Grade B |
| PN-24505 | Girl (16) plays w. pet reptile | Direct | Houghton Mifflin | ST09050 | Elements of Language Intro Course (Gr. 6) |
| FM-AC-09-Bab5-2 | Girl in green shirt smiling | Direct | Harcourt Religion Publishers | ST0337 | Call to Faith 2004 |
| AH-gPcyc_0676 | Teachers in planning meeting | Direct | Houghton Mifflin | ST0865 | Methods and Strategies for |

**EXHIBIT A**

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  | Teaching Students with Mild Disabilities, 1e |
| AF-g1b_0115 | Grade 1 boys work on spelling activity | Direct | Houghton Mifflin | ST0865 | Methods and Strategies for Teaching Students with Mild Disabilities, 1e |