

# Nelson & McCulloch LLP

D/F

Intellectual Property Litigation
New York | District of Columbia

155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

Dan Nelson"

Kevin P. McCulloch+



October 8, 2013

**VIA FAX (by permission)**

Honorable George B. Daniels
United States District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007
Fax: (212) 805-6737

RE: *Senisi v. Houghton Mifflin Harcourt Publishing Co.*, No. 13-cv-2891 (GBD)

Dear Judge Daniels,

This firm is counsel for Plaintiff Ellen Senisi ("Plaintiff") in the above-referenced action. I write on behalf of Plaintiff to request leave to file Plaintiff's First Amended Complaint. A copy of Plaintiff's [Proposed] First Amended Complaint is attached hereto.

Nature of Plaintiff's Proposed Amendments

Plaintiff's initial Complaint asserted copyright infringement claims against Defendant Houghton Mifflin Harcourt Publishing Co. ("HMH") and included allegations of infringement against the printing companies that HMH engaged to print the infringing publications. Because the identity of these printing companies remained in HMH's sole possession, the Complaint identified them only as Defendants John Does 1-10. Finally, on October 4, 2013, Defendant HMH produced the documents necessary to identify these additional defendants. Plaintiff thus seeks to amend her pleadings to identify these additional defendants.

Plaintiff also seeks to add copyright infringement claims against HMH related to the photos that HMH licensed from The Image Works, one of Plaintiff's licensing agents. As Your Honor may recall, Plaintiff initially asserted claims only for images that HMH licensed directly from Plaintiff and another agent, Photo Researchers. Plaintiff's claims were based on information provided by HMH during a pre-suit audit. As Plaintiff's Complaint alleged, this audit was incomplete because HMH refused to provide information regarding its use of photos obtained from The Image Works. Plaintiff's initial Complaint thus also asserted a claim under the Declaratory Judgment Act seeking disclosure of usage information from HMH. After briefing and argument on the issue, the Court dismissed Plaintiff's Declaratory Judgment claim. (*See* Docket No. 15.)

'Admitted in NY and CO
+Admitted in NY, WA and DC
www.nelsonmcculloch.com

Page 2



Following the Court's order, Plaintiff sought discovery related to HMH's use of her photos licensed through The Image Works, but HMH has steadfastly objected to such discovery. The very limited discovery that HMH did produce, however, reveals that HMH violated <u>every</u> license granted by both Plaintiff and Photo Researchers. As such, Plaintiff has sufficient information and a reasonable belief to now allege that HMH also violated its licenses from The Image Works. Plaintiff thus seeks to amend her pleadings to add infringement claims related to all photos that HMH licensed from The Image Works.

Plaintiff Should Be Granted Leave to Amend

The Court's order setting the date for the Initial Pretrial Conference (Docket No. 3) included a proposed Case Management Plan and Scheduling Order. The schedule proposed by the Court permits <u>additional parties to be joined until October 16, 2013</u> and also allows for <u>amended pleadings to be filed without the need for seeking leave from the Court until October 16, 2013</u>. Thus, under the Court's proposed Order, a motion for leave to amend pleadings is unnecessary. Defendant's counsel, however, has refused to counter-execute the proposed scheduling order and thus no scheduling order has ever been entered in this case.

Therefore, out of an abundance of caution, Plaintiff's counsel requested that Defendant's counsel stipulate to her request for leave to file an amended complaint. Undersigned counsel certifies that I informed Defendant's counsel that Plaintiff intended to amend her pleadings to add additional parties and include additional copyright claims on August 26, 2013. Thereafter, I also requested that Defendant expedite its production of documents related to the printer defendants so that Plaintiff could file her amended pleadings as soon as possible. Defendant's counsel, however, denied our request and did not provide the basis for its objection. Plaintiff thus seeks leave from the Court to file the attached [Proposed] First Amended Complaint.

Federal Rule of Civil Procedure 15 requires that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has noted that "considerations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend." *Barrows v. Forest Labs.*, 742 F.2d 54, 58 (2d Cir.1984). None of these factors are present here, and thus there is no plausible basis for Defendant to object to Plaintiff's request for leave to amend.

This is Plaintiff's first request to amend her pleadings and Defendant would not suffer any possible prejudice by granting Plaintiff leave to amend at this early stage. The case is still in the earliest stages of discovery and the deadline set by the Court for joining parties and amending pleadings is still a week away. Moreover, even though Plaintiff raised these issues with Defendant's counsel on August 26, Defendant did not produce the documents necessary to identify the additional printer defendants until October 4, 2013. As a result, Plaintiff could not have amended her pleadings to join additional parties until yesterday at the earliest.

There also is no possible basis for Defendant to claim leave should be denied on the grounds of prejudice. Indeed, both parties have barely begun their production of documents, and Defendant has produced only 60 pages of documents to date and its first production was less

156 East 56th Street
New York, New York 10022
<b>www.nelsonmcculloch.com</b>





Page 3

than a week ago. Neither party has served contention interrogatories or requests for admission, nor has either party noticed any depositions or served third party subpoenas. Granting leave to amend at this early stage thus will not delay discovery or the adjudication of this action.

Given the posture of this case, it is clear that there are no plausible grounds for Defendant HMH to oppose Plaintiff being permitted leave to amend.

Respectfully submitted,

Kevin McCulloch

cc:  Danial Nelson, Esq.
     David Pehlke, Esq.
     Steven Napolitano, Esq.

# ATTACHMENT 1

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, N.Y 10174
T: (212) 907-6677
F: (646) 308-1178

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELLEN SENISI, | Case No.: 13-cv-2891 (GBD) |
| *Plaintiff*, | Hon. George B. Daniels |
| v. | |
| HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY; WEBCRAFTERS, INC.; LEO PAPER GROUP; MERCURY PRINT PRODUCTIONS, INC.; MOORE LANGEN PRINTING CO.; STROMBERG ALLEN AND CO.; R.R. DONNELLEY & SONS CO.; CYCLE SOFTWARE SERVICES; TURNKEY SOLUTIONS CORP.; OPTICAL DISC SOLUTIONS; COURIER CORP.; UNIVERSAL MILLENNIUM; OPTICAL EXPERTS MANUFACTURING, INC.; and LEHIGH PHOENIX, | **[PROPOSED]** **FIRST AMENDED** **COMPLAINT** **Jury Trial Demanded** |
| *Defendants*. | |

Plaintiff ELLEN SENISI, by and through undersigned counsel, pursuant the applicable

Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for

the Southern District of New York, hereby demands a trial by jury of all claims and issues so

triable and for her Complaint against Defendants HOUGHTON MIFFLIN HARCOURT

PUBLISHING COMPANY; WEBCRAFTERS, INC.; LEO PAPER GROUP; MERCURY

1

PRINT PRODUCTIONS, INC.; MOORE LANGEN PRINTING CO.; STROMBERG ALLEN AND CO.; R.R. DONNELLEY & SONS CO.; CYCLE SOFTWARE SERVICES; TURNKEY SOLUTIONS CORP.; OPTICAL DISC SOLUTIONS; COURIER CORP.; UNIVERSAL MILLENNIUM; OPTICAL EXPERTS MANUFACTURING, INC.; and LEHIGH PHOENIX??, hereby asserts and alleges as follows:

## THE PARTIES

1.     This is an action for copyright infringement and related claims brought by Plaintiff Ellen Senisi ("Senisi" or "Plaintiff") against Defendant Houghton Mifflin Harcourt Publishing Company ("HMH") and also Defendants Webcrafters, Inc.; Leo Paper Group; Mercury Print Productions, Inc.; Moore Langen Printing Co.; Stromberg Allen and Co.; R.R. Donnelley & Sons Co.; Cycle Software Services; Turnkey Solutions; Optical Disc Solutions Courier Corp.; Universal Millennium; Optical Manufacturing Experts, Inc.; and Lehigh Phoenix (collectively, the "Printer Defendants").

2.     Plaintiff is a professional photographer who makes her living taking and licensing photographs.

3.     Plaintiff licenses her images directly to end users and through various licensing agents, including Photo Researchers and The Image Works.

4.     HMH is a Massachusetts corporation with its principle place of business at 222 Berkeley Street, Boston, Massachusetts 02116.

5.     HMH is a publishing company in the business of creating and publishing educational textbooks, instructional technology materials, reference works, and other similar materials and publications.

2

6.      Upon information and belief, HMH engaged the Printer Defendants to print and otherwise produce the infringing publications and materials identified herein.   The Printer Defendants share in HMH's liability for copyright infringement because they each copied and used Plaintiff's photos in a manner that exceeded any license granted to HMH.

7.      Defendant Webcrafters, Inc. has its principal place of business in Madison, Wisconsin.

8.      Defendant Leo Paper Group has its principal place of business in Issaquah, Washington and also maintains offices in New York, New York.  Defendant HMH also exported copies of Plaintiff's photos to foreign divisions or subsidiaries of Defendant Leo Paper.

9.      Defendant Mercury Print Productions, Inc. has its principal place of business in Rochester, New York.

10.     Defendant Moore Langen Printing Co. has its principal place of business in Terre Haute, Indiana.

11.     Defendant Stromberg Allen and Co. has its principal place of business in Tinly Park, Illinois.

12.     Defendant R.R. Donnelley & Sons Co. has its principal corporate offices in Chicago, Illinois but also maintains offices throughout the country, including in Willard, Ohio and Jefferson City, Missouri and Philadelphia, Pennsylvania.

13.     Defendant Cycle Software Services has its principal place of business in Bloomington, Minnesota.

14.     Defendant Turnkey Solutions Group has its principal place of business in  La Vista, Nebraska.

15.     Defendant Optical Disc Solutions has its principal place of business in Richmond, Indiana.

16.     Defendant Courier Corp. has its principal place of business in North Chelmsford, Massachusetts.

17.     Defendant Optical Manufacturing Experts, Inc. has its principal place of business in Charlotte, North Carolina.

18.     Defendant Universal Millennium has its principal place of business in Westwood, Massachusetts.

19.     Defendant Lehigh Phoenix has its principal place of business in Milwaukee, Wisconsin.

## JURISDICTION AND VENUE

20.     Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*; 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"); and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights); and 28 U.S.C. § 1367.

21.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since the primary Defendant, HMH, resides or may be found in this District. Further, HMH conducts substantial business in this District, HMH is subject to personal jurisdiction in the State of New York, and Defendants infringed Plaintiff's copyrights in the State of New York and this District. All Printer Defendants conduct substantial

business in this District, including creating books and other publications that were distributed in this District, and also infringed Plaintiff's copyrights in this District.

## FACTUAL ALLEGATIONS

22.     Plaintiff is the owner of copyrights to numerous photographs that Defendants copied and published.

23.     Defendant HMH obtained copies of Plaintiff's photos from Plaintiff directly and also from her licensing agents, including Photo Researchers and The Image Works.

24.     This lawsuit pertains to photographs that HMH obtained from Plaintiff directly and photos that HMH obtained from her agents Photo Researchers and The Image Works.

25.     As set forth in Exhibit A, Plaintiff and her agents issued a number of limited licenses to HMH pertaining to specified textbooks and educational materials.

26.     Exhibit A also identifies the photographs owned by Plaintiff that HMH published in its publications.

27.     In all cases, Plaintiff's images were licensed to HMH for limited use only and subject to specific terms and conditions.  Plaintiff's images were not licensed to HMH on a "Royalty Free" basis and thus any additional uses of her photos required HMH to purchase additional usage licenses.

28.     In all cases, Plaintiff retained ownership of her copyrights in the images that were licensed to HMH.

29.     In all cases, the licenses issued to HMH were limited to one-time use only in a specified textbook and did not permit additional uses of the photo in subsequent editions or different titles.  As such, any additional use of Plaintiff's photos in subsequent editions or different titles or programs required HMH to purchase a new license prior to any such re-use.

30.     When requesting copies of Plaintiff's photographs, HMH represented to Plaintiff and her agents that it would not make any subsequent uses of Plaintiff's photographs without obtaining prior permission and paying agreed-upon license fees.

31.     In negotiating license terms with Plaintiff and her agents, HMH represented that it intended to use Plaintiff's photos in publications with limited distributions or "print runs."

32.     Plaintiff and her agent relied on HMH's representations regarding its intended print runs for particular publications in determining the requisite licensing fees to charge HMH.

33.     Notwithstanding these representations, HMH repeatedly and routinely violated the express restrictions and limits of its licenses to use Plaintiff's photos.

34.     In particular, HMH violated the distribution quantity or "print run" limitation set forth in the limited licenses it obtained to sue Plaintiff's photos.  HMH thus violated its licenses by including Plaintiff's photos in more copies of the relevant publications than was authorized under its licenses.

35.     HMH intentionally and knowingly underrepresented the uses that it intended to make of Plaintiff's photos in order to obtain lower licensing rates.

36.     HMH also violated license terms by publishing Plaintiff's images in component and ancillary publications without permission.

37.     HMH also violated license terms by distributing the books in regions not permitted under the licenses and/or permitting third party publishers to create foreign editions or translations without permission.

38.     In negotiating license terms with Plaintiff and her agents, HMH further represented that if it retained copies of Plaintiff's photos it would do so for archival purposes only and would not republish photos without prior permission and payment of additional fees.

6

39.     Notwithstanding these representations, HMH published Plaintiff's photos in subsequent editions or different publications prior to and/or without ever obtaining the necessary licenses.

40.     Where HMH subsequently sought permission to use Plaintiff' images after it already began to use and exploit the images without a license or authorization, HMH falsely represented that it was seeking prospective licensing rights despite the fact that the publication for which rights were being requested already had been printed and despite the fact that Plaintiff's images already had been copied and published.

41.     In requesting permission to use Plaintiff's images in materials that already had been published, HMH concealed and misrepresented critical information when communicating with Plaintiff or her agents in order to create the false impression that such late requests for licensing rights pertained to future uses and, upon information and belief, did so intentionally to avoid punitive fees and to conceal its infringing uses of Plaintiff' images.

42.     Upon information and belief, HMH infringed Plaintiff's copyrights in each of the photographs identified in Exhibit A by:

- Publishing Plaintiffs' works prior to obtaining permission;
- Reusing Plaintiffs' works in subsequent editions of titles or different programs/titles without obtaining a valid license prior to publication;
- Exceeding the limitations of licenses by printing more copies of the publications than was authorized;
- Exceeding the limitations of licenses by publishing Plaintiffs' works in electronic, ancillary, or derivative publications without permission;
- Exceeding the limitations of licenses by publishing Plaintiffs' works in foreign editions of publications without permission;
- Exceeding the limitations of licenses by distributing publications outside the authorized distribution area; and/or
- Refusing to provide usage information to Plaintiffs relating to photographs owned by Plaintiffs.

7

## HMH'S PATTERN OF INFRINGEMENT

43.    HMH's infringements of Plaintiff's copyrights are part of a broader, systematic pattern and practice.

44.    HMH routinely and systematically used third-party photographic images without prior approval and in excess of applicable license restrictions.

45.    This pattern and practice of misappropriating third-party content is evinced by the numerous lawsuits against HMH and its subsidiaries, divisions, and imprints in this District and around the country involving identical misconduct to that alleged here, including:

- *Krakauer v. Houghton Mifflin*, No. 07-cv-02055 (D. Colo.);
- *Semerdjian v. McDougal Littell*, No. 07-cv-07496 (S.D.N.Y.);
- *Wood. v. McDougal Littell*, No. 07-cv-01516 (D. Colo.);
- *Bean v. McDougal Littell*, No. 07-cv-08063 (D. Ariz.);
- *Beidleman v. Holt, Rinehart and Winston*, No. 07-cv-01220 (D. Colo.);
- *Alaska Stock v. Houghton Mifflin*, No. 09-cv-0061 (D. Alaska); and
- *Wu, et al. v. Houghton Mifflin*, No. 09-cv-6558 (HB) (S.D.N.Y.).

46.    Each of these cases involved claims that HMH violated licenses to use third-party photos and/or used photos without adequate permission, just as Plaintiff alleges here.

47.    The public filings in these copyright infringement lawsuits against HMH make clear that HMH routinely used third-party photographs prior to obtaining the necessary licensing rights and that HMH knows that it used thousands of third-party photographs prior to or without obtaining the necessary licensing rights.

48.    HMH, as a sophisticated publisher with significant experience licensing third-party content, knows that it must obtain a license prior to using such content in its publications.

49.    HMH knew at all times that it was improper to use third-party content prior to obtaining the necessary license and paying agreed-upon license fees.

8

50.     Despite knowing that it must obtain a license to use third-party content, HMH routinely published Plaintiff's images in its publications without the necessary licenses being purchased prior to use.  HMH also routinely violated the terms of its licenses to use Plaintiff's photos.

51.     Upon information and belief, HMH has paid other third-party content providers punitive fees or penalties or higher licensing rates for using their photographs prior to obtaining permission and/or for violating licenses.  These payments demonstrate that HMH knows that its use of Plaintiff's photos without a license or in excess of license terms was improper and infringing.

52.     Despite having knowledge of license violations, HMH does not proactively inform all photographers and content providers whose photographs it knows or discovers it used prior to obtaining a license or in excess of a license that a violation occurred.

53.     HMH refuses to disclose usage information to photographers and content providers in order to avoid punitive fees and limit its exposure to potential copyright infringement actions.

54.     This pattern and practice of misappropriating third-party content demonstrates reckless disregard for the rights of the owners of those creative works, including Plaintiff.

## COUNT I
### (COPYRIGHT INFRINGEMENT — AGAINST ALL DEFENDANTS)

55.     Plaintiff repeats and re-alleges each allegation set forth in the prior paragraphs as if set forth fully herein.

56.     Plaintiff also incorporates all of the information in Exhibit A as if set forth in full herein.

57.     Plaintiff  personally  has  registered  her  copyrights  in  and  to  each  of  the

9

photographs identified in Exhibit A that are the subject of this action with the United States Copyright Office.

58.     Plaintiff's copyrights in the photographs identified in Exhibit A are valid and enforceable.

59.     Defendants infringed Plaintiff's exclusive copyrights in and to her creative works as alleged herein.

60.     HMH and the Printer Defendants misappropriated and made unauthorized uses of Plaintiff's intellectual property by using her photos in excess of limited license terms and using photos without a prior license as alleged herein, including the various license violations and unauthorized uses outlined above.

61.     HMH's conduct was intentional, willful, reckless, and/or malicious.

62.     Defendants' unauthorized and infringing conduct caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

63.     The various infringements of Plaintiff's rights identified herein are part of a broader pattern and practice by HMH of infringing and misappropriating third-party photographic content, including by using third-party images prior to obtaining permission and using third-party images in excess of applicable license restrictions.

64.     This pattern and practice of misappropriating third-party content constitutes a habit of infringement.

65.     This pattern and practice of misappropriating third-party content demonstrates reckless disregard for the rights of the owners of those creative works, including images owned by Plaintiff.

66.     Plaintiff seeks all damages recoverable under any applicable agreements and/or

10

under the Copyright Act, including statutory or actual damages and Defendants' profits attributable to the infringing use of Plaintiff's creative works and the damages suffered as a result of the lack of compensation, credit, and attribution. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment and for the following relief on its behalf and on behalf of the proposed class:

1.      A preliminary and permanent injunction against Defendants and anyone working in concert with Defendants from copying, displaying, distributing, advertising, promoting, selling or offering to sell Plaintiff's photographs identified in Exhibit A and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing Plaintiff's photographs identified in Exhibit A in the control or possession of Defendants;

2.      All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, and Defendants' profits attributable to infringement and damages suffered as a result of the lack of credit and attribution;

3.      All damages allowed under any applicable contracts or agreements;

4.      Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

11

5.    All allowable damages caused by and/or resulting from Defendants' violation and infringement of Plaintiff's rights in and to this creative visual works;

6.    Any other relief authorized by law, including punitive and/or exemplary damages; and

7.    For such other and further relief as the Court deems just and proper.


**JURY TRIAL DEMANDED**

Dated October ___, 2013
New York, New York.

                    Respectfully submitted,

                    NELSON & McCULLOCH LLP

        By:     _____
                    Danial A. Nelson (DN4940)
                    Kevin P. McCulloch (KM0530)
                    155 East 56th Street
                    New York, New York 10022
                    T: (212) 355-6050
                    F: (646) 308-1178
                    dnelson@nelsonmcculloch.com
                    kmcculloch@nelsonmcculloch.com

                    *Attorneys for Plaintiff*

# EXHIBIT A

EXHIBIT A

| LICENSOR | LICENSEE (HMH Division) | IMAGE ID | IMAGE DESCRIPTION | PUBLICATION TITLE | INVOICE NO. | AGENCY STATEMENT DATE |
|---|---|---|---|---|---|---|
| Ellen Senisi | Houghton Mifflin College Division | GS-AC-ASLconv3-5 | Hearing impaired students at bus time use ASL | Educating Exceptional Children - 12e | ST0817-B | n/a |
| Ellen Senisi | Houghton Mifflin College Division | PN-10031 | Girl (4) hugs her brother (10, spina bifida) | Educating Exceptional Children - 12e | ST0817 | n/a |
| Ellen Senisi | Houghton Mifflin College Division | AD-g4m_3701 | Grade 4 boy (Asperger's Syn.) communicates w. classmate | Educating Exceptional Children - 12e | ST0817 | n/a |
| Ellen Senisi | Houghton Mifflin College Division | PN-20923 | Aide talks to upset student (boy, 5, ADHD) | Educating Exceptional Children - 12e | ST0817 | n/a |
| Ellen Senisi | Houghton Mifflin College Division | PN-28506 | Students raise hands, inc. girl (6, CP) | Educating Exceptional Children - 12e | ST0817 | n/a |
| Ellen Senisi | Houghton Mifflin College Division | PN-10447 | Visually impaired girl does art activity w. others | Educating Exceptional Children - 12e | ST0817 | n/a |
| Ellen Senisi | Houghton Mifflin College Division | PN-20591 | Occupational therapist w. boy (developmentally disabled) | Educating Exceptional Children - 12e | ST0817 | n/a |
| Ellen Senisi | Houghton Mifflin School Division | PN-29121 | Pre-K. girl with drum | Pre-K Teacher's Resource Books | ST0502 & ST0442 | n/a |
| Ellen Senisi | Houghton Mifflin School Division | PN-26229 | Teacher helps girl w. red shirt | Pre-K Teacher's Resource Books | ST0502 & ST0442 | n/a |
| Ellen Senisi | Houghton Mifflin School Division | PN-28894 | Follow the Leader game | Pre-K Teacher's Resource Books | ST0443 | n/a |
| Ellen Senisi | Harcourt School Publishers | AA-SPR-S-0001 | Family at Passover seder meal | Social Studies California 2007 SE, Grade B | ST0423 | n/a |
| Ellen Senisi | Houghton Mifflin | PN-24303 | Girl (16) plays w. pet reptile | Elements of Language Intro Course (Gr. 6) | ST09030 | n/a |
| Ellen Senisi | Harcourt Religion Publishers | FM-AC-09-Bab5-2 | Girl in green shirt smiling | Call to Faith 2004 | ST0337 | n/a |
| Ellen Senisi | Houghton Mifflin | AH-gPcyc_0676 | Teachers in planning meeting | Methods and Strategies for Teaching Students with Mild Disabilities, 1e | ST0865 | n/a |
| Ellen Senisi | Houghton Mifflin | AF-g1b_0115 | Grade 1 boys work on spelling activity | Methods and Strategies for Teaching Students with Mild Disabilities, 1e | ST0865 | n/a |
| Ellen Senisi | Houghton Mifflin | PN-27130 | cello player | Burger Math | ST11002 | n/a |

*Ellen Senisi v. HMH, et al.*

**EXHIBIT A**

| | | | | | | |
|---|---|---|---|---|---|---|
| Photo Researchers | Harcourt Brace | 3M9096 / PN-24505 | Girl (16) plays w pet reptile | Harcourt Math, Grade 6 | 92832 | 9/20/2000 |
| Photo Researchers | Holt, Rinehart, Winston | 8M9099 - PN-24505 | Pet | Elements of Language, Introductory Course Textbook | 103205 | 3/17/2003 |
| Photo Researchers | Holt, Rinehart, Winston | 359671 / PN-27095 | Rehearsal for students of SHS Jazz Band | Expresate Level III | 111637 | 3/21/2005 |
| Photo Researchers | Holt, Rinehart, Winston | 359672 / PN-27095 | Rehearsal for students of SHS Jazz Band | Expresate Level III, Teaching Transparencies | 112296 | 3/21/2005 |
| Photo Researchers | Houghton Mifflin | BA3296 | Pledge of Allegiance | Journeys 2014 | 145236 | 3/19/2012 |
| The Image Works | HOM | DSEN0345000 | blind girl/friends/camp | Educating Exceptional Children | 960695 | 11/12/1996 |
| The Image Works | HOM | CSEN0886 | girl taking photo | Child Devel-3e-Bukatko | 970704 | 10/22/1997 |
| The Image Works | HOM | CSEN0775 | girls making circuit | Science Stories | 980387 | 7/23/1998 |
| The Image Works | HOM | CSEN0400 | boy w hands raised | Exceptional Children 2e | 980903 | 12/28/1998 |
| The Image Works | HOM | CSEN0673 | child reads to class | Exceptional Children 2e | 980903 | 12/28/1998 |
| The Image Works | HOM | CSEN0796 | talking in sign language | Exceptional Children 2e | 980903 | 12/28/1998 |
| The Image Works | HOM | CSEN0646 | teacher/child 1 on 1 | Exceptional Children 2e | 980903 | 12/28/1998 |
| The Image Works | HOM | DSEN0345000 | blind camper in line | Exceptional Children 2e | 980903 | 12/28/1998 |
| The Image Works | HOM | CSEN0306 | teacher/learning dis. Boy | Psych of Learning/Teaching | 5/3/4585 | 11/23/1998 |
| The Image Works | HOM | DSEN0345000 | blind girl w sighted girls | Educating Exceptional Kids - reuse | 990130 | 7/21/1999 |
| The Image Works | HOM | CSEN1695 | dad/4 yr old talk LD | Lifespan/Child Dev Seifert | 990593 | 10/25/1999 |
| The Image Works | HOM | CSEN1695 | dad/4 yr old talk LD | Lifespan/Child Dev Seifert | 990593 | 10/25/1999 |
| The Image Works | HOM | CSEN0942 | 5th gr boys on steps LD | Lifespan/Child Dev Seifert | 990593 | 10/25/1999 |

EXHIBIT A

| | | | | | | |
|---|---|---|---|---|---|---|
| The Image Works | HOM | CSEN0942 | CD | Lifespan/Child Dev Seifert | 990593 | 10/25/1999 |
| The Image Works | HOM | CSEN0157 | girls/dolls/tea set CD | Lifespan/Child Dev Seifert | 990593 | 10/25/1999 |
| The Image Works | HOM | CSEN2401 | girl w pet iguana | Language Arts | 2000234 | 4/27/2000 |
| The Image Works | HOM | CSEN3042 | jazz musician/hs band | Presentations - Daly | 2000459 | 8/23/2000 |
| The Image Works | HOM | CSEN0886 | girl taking pix-reuse | Child Development 4e | 2000575 | 8/23/2000 |
| The Image Works | HOM | CSEN3620000 | 2 Gr 1 stdts use word wall | Literacy Assessment | 2000621 | 10/24/2000 |
| The Image Works | HOM | CSEN2294 | teacher making chart | Literacy Assessment | 2000621 | 10/24/2000 |
| The Image Works | HOM | HCPL9970 - CSEN3337000 | boy on skateboard | Math 2002, Spanish K-6 | 2011091 | 12/27/2001 |
| The Image Works | HOM | CSEN0474 | girls groom each other | Social Psychology 4e | 2010446 | 7/30/2001 |
| The Image Works | HOM | Corresponds to either CSEN3124 or ESEN0197964 | boy w hurt knee | Essentials of Psych 2e  Ber | 2010170 | 8/28/2001 |
| The Image Works | HOM | Corresponds to either CSEN3124 or ESEN0197964 | boy w hurt knee | Essentials of Psych 2e  Ber | 2010170 | 8/28/2001 |
| The Image Works | HOM | CSEN0646000 | teacher w handicapped boy | Exceptional Children & Youth 3e | 2010444 | 8/28/2001 |
| The Image Works | HOM | CSEN040000 | boy at center of group | Exceptional Children & Youth 3e | 2010444 | 8/28/2001 |
| The Image Works | HOM | CSEN0345000 | blind girl at summer camp | Exceptional Children & Youth 3e | 2010444 | 8/28/2001 |
| The Image Works | HAR | CSEN3269 | wooden violin | Independent Read Made/Tree | 2010621 | 8/28/2001 |

**EXHIBIT A**

| The Image Works | HOM | CSEN0775 | girls doing science experiemtns | Science Stories, Koch | 2011028 | 1/30/2002 |
|---|---|---|---|---|---|---|
| The Image Works | HOM | CSEN3519 | disabled girl mainstreamed | Psych Appl Teaching 10e | 2020040 | 5/29/2002 |
| The Image Works | MCDLT | CSEN1061 | kids playing hand games | Geography program | 2020490 | 7/30/2002 |
| The Image Works | HOM | Reported as PN-29135 (corresponds to either CSEN3124 or ESEN0197964) | girl comforts hurt boy | Psychology 6e Bernstein | 2020387 | 8/28/2002 |
| The Image Works | HOM | CSEN0479 | boys fight on playground | Psychology Nevid 1e | 2020560 | 9/30/2002 |
| The Image Works | HOM | CSEN3030 | children work on project | Science&Science 2e | 2021547 | 9/26/2003 |
| The Image Works | HOM | CSEN0775000 | girls experiment w bulbs | Science Stories 3e | 2022167 | 12/31/2003 |
| The Image Works | HOM | CSEN0739 | boy raises hand to answer | Child Development 5e | 2021204 | 3/31/2003 |
| The Image Works | HOM | CSEN0826 | teens compare height | Adolescence | 2021256 | 4/30/2003 |
| The Image Works | HOM | CSEN3352 | Father ordering girl | Adolescence | 2021256 | 4/30/2003 |
| The Image Works | HOM | CSEN3203 | H.S. base player | Adolescence | 2021256 | 4/30/2003 |
| The Image Works | HTX | CSEN3163 | cello player | Middle School Math - Course 2 | 2021349 | 4/30/2003 |
| The Image Works | HTX | CSEN0941 | 5th gr boys on school steps | Decisions for Health, Gr 6 | 2021592 | 7/28/2003 |
| The Image Works | HTX | CSEN0941 | 5th gr boys on school steps | Decisions for Health, Gr 6 TE | 2021640 | 8/27/2003 |
| The Image Works | HOM | CSEN0646 | Tchr calms autistic boy | Exceptional Children | 5022923 | 8/31/2004 |

**EXHIBIT A**

| | | | | | | |
|---|---|---|---|---|---|---|
| The Image Works | HOM | ESEN058189 ( GS-AC-ASLconv4-#4) | Hearing impaired stdts use ASL | Exceptional Children | 5022923 | 8/31/2004 |
| The Image Works | HOM | CSEN3592 | Student with CP works at special desk | Exceptional Children | 5022923 | 8/31/2004 |
| The Image Works | HOM | CSEN3436 | PDA/handheld computer | New First Dic of C.L. 3e | 5023228 | 11/30/2004 |
| The Image Works | HOM | CSEN0281 | father & son in wheelchair | Educating Exceptional Children 10e | 2020068 | 12/29/2004 |
| The Image Works | HOM | CSeN3381 | girl w c. palsy gets help | Educating Exceptional Children 10e | 2020068 | 12/29/2004 |
| The Image Works | HOM | CSEN1554 | autistic boy bldg blocks | Educating Exceptional Children 10e | 2020068 | 12/29/2004 |
| The Image Works | HOM | CSEN0396 | girl helps autistic boy | Educating Exceptional Children 10e | 2020068 | 12/29/2004 |
| The Image Works | HOM | CSEN1353 | girls laugh w teacher | Educating Exceptional Children 10e | 2020068 | 12/29/2004 |
| The Image Works | HOM | CSEN0479 | boys fight on playground | Ess. Of Psych. C&A 1e | 5023360 | 12/29/2004 |
| The Image Works | HOMMD | ESEN061462 (AC-G2F-Joh3-speech-2) | girl gives oral report | Literary Assess, 2e | 2022158 | 2/16/2004 |
| The Image Works | HOMMD | ESEN042240 (LC-PK-AC-storytime-A) | students watch teacher | Literary Assess, 2e | 2022158 | 2/16/2004 |
| The Image Works | HOMMD | CSEN3042 | musician gives workshop | Present. In Everyday 2e | 2022159 | 2/16/2004 |
| The Image Works | STECK | CSEN0739 | kid raising their hand | ERP vocab photo cards | 2022381 | 2/16/2004 |
| The Image Works | HOM | CSEN0474 | girls groom each other | Social Psy, 6e | 2022491 | 4/30/2004 |
| The Image Works | HOM | ESEN071613 (AD-g4m-8472.) | kid w elderly man | Social St gr 5 2005 | 2022567 | 5/31/2004 |

*Ellen Sentst v. HMH, et al.*

**EXHIBIT A**

| | | | | | | |
|---|---|---|---|---|---|---|
| The Image Works | HOM | Reported as FN-29135 (corresponds to either CSEN3124 or ESEN0197964) | girl helps boy w knee | Ess. Of Psych 3e | 2022834 | 7/30/2004 |
| The Image Works | HOM | CSEN1432 | Chinese family | Horizons: A Reader of Exp. | 2022256 | 3/1/2005 |
| The Image Works | HOM | CSEN1739 | interracial family | Horizons: A Reader of Exp. | 2022256 | 3/1/2005 |
| The Image Works | Harcourt SP | CSEN3518 | Reading group in inclusive classroom | Title not given on TIW statement | 100123 | 2/23/2005 |
| The Image Works | HOM | CSEN1554 | tchr works with autistic boy | Title not given on TIW statement | 100146 | 2/23/2005 |
| The Image Works | HOM | CSEN3212 | Family using ASL; youngest child is hearing impaired | Title not given on TIW statement | 100146 | 2/23/2005 |
| The Image Works | HOM | CSEN3554 | tchr helps stdt with CP at adaptive desk | Title not given on TIW statement | 100146 | 2/23/2005 |
| The Image Works | HOM | CSEN3581 | stdt helps fellow stdt (girl with CP) | Title not given on TIW statement | 100146 | 2/23/2005 |
| The Image Works | HOM | Reported as FN-29135 (corresponds to either CSEN3124 or ESEN0197964) | girl comforts hurt boy | Psychology 7e | 5023662 | 12/28/2005 |