

Nelson & McCulloch LLP

Intellectual Property Litigation
New York | District of Columbia

155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

Dan Nelson*                                                                                         Kevin P. McCulloch+

September 17, 2014

**VIA ECF**
The Hon. Vernon S. Broderick
United States District Court, SDNY
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      RE:    *Senisi v. Houghton Mifflin Harcourt Publ'g Co.* **No. 13-cv-2891 (VSB)**

Dear Judge Broderick,

This firm is counsel for Plaintiff Ellen Senisi ("Plaintiff").  I submit this letter in advance of the October 1, 2014 post-discovery status conference to provide the Court with an update of the current status of the case.  Undersigned counsel attempted to coordinate with counsel for Defendant to prepare and submit a joint letter, but Defendant's counsel insisted that the letter not provide the Court with any substantive updates or include the parties' position on any matters.  Defendant's counsel also was unwilling to submit a joint letter that included each party's respective positions on the few items addressed herein.  Therefore, I write separately to provide this status update on behalf of Plaintiff.

**Discovery**

According to the case management schedule approved and entered by the Court, discovery in this matter was set to close on September 5, 2014, but all fact deposition were to be completed by June 6, 2014. (Dkt. No. 27.)   Despite this deadline, HMH refused to provide almost any document discovery prior to that date and HMH's counsel repeatedly claimed during the meet and confer process that no additional responsive documents had been located.  Plaintiff sought to compel discovery on certain topics, but HMH opposed on the grounds that the claims in this action were limited to only the photos and titles identified in the Amended Complaint and thus refused to produce any documents not specifically related to HMH's use of those photos under the licenses identified.   Indeed, throughout this entire litigation, HMH produced less than 500 pages of materials, most of which had been provided by Plaintiff's counsel to HMH prior to suit.  Among other obvious items of discovery, <u>HMH even refused to produce copies of the books identified in the Amended Complaint or its agreements with Cengage or Plaintiff's licensing agents</u>.  Then, on

*Admitted in NY and CO
+Admitted in NY and DC

www.nelsonmcculloch.com

literally the final day of discovery, HMH's counsel (miraculously) discovered and produced an additional **54,000 pages of new discovery materials**.  HMH did not provide any explanation as to why it had withheld these documents until after the deadline for depositions closed, but it obvious now that HMH and its counsel intentionally withheld these responsive documents in order to try to sandbag Plaintiff and undermine her rightful effort to pursue discovery related to her claims.  For instance, HMH's letter seeking leave to file a motion for summary judgment claims *for the first time in this action* that HMH's alleged "preferred vendor agreement" with Photo Researchers somehow provides it with a license defense in this case.  If that is the case, HMH should have produced this document earlier, identified all persons with knowledge of the negotiation of this license agreement in its initial disclosures, and provided discovery of the parties' course of conduct under that agreement.  HMH refused to do any of this, and yet now wants to rely on this belatedly produced document to argue that it is an overarching "master license" that allowed unfettered use of Plaintiff's photos.

Due to HMH's abusive discovery tactics of refusing to produce responsive documents until the final day of discovery, Plaintiff was not permitted an adequate opportunity to explore her claims in discovery.  HMH's abusive strategy is contrary to the fundamental goals of the civil discovery process and the Court should not condone this sort of discovery misconduct by HMH and its counsel.

HMH's discovery tactics were unreasonable and caused severe prejudice and it would be improper to allow HMH to get away with intentionally withholding tens of thousands of pages of documents for all of discovery for the obvious purpose of frustrating Plaintiff's efforts to pursue discovery relating to her claims.

**Dispositive Motion Letters**

On September 12, 2014 (Dkt. No. 39), HMH filed a letter advising the Court that it intends to move for summary judgment pursuant to Federal Rule of Civil Procedure 56 on all or nearly all of the claims asserted in the Complaint.  As provided for in the scheduling order, Plaintiff intends to submit its letter responding to HMH's pre-motion letter today, September 17, 2014.

HMH's letter seeking leave to move for summary judgment relies almost exclusively on documents it improperly withheld throughout discovery.  Even setting that issue aside, Plaintiff strongly opposes HMH's request for leave to file a dispositive motion at this juncture.  Among other things, HMH's letter is too vague to allow a meaningful response and thus Plaintiff requests that the Court require the parties to meet and confer in good faith prior to the pre-motion conference to discuss the specific issues HMH intends to address in its motion at which point Plaintiff, as Plaintiff's counsel repeatedly has advised during this litigation, may agree to withdraw or voluntarily dismiss certain claims.  Such a meeting between the parties is particularly needed here given that Plaintiff's claims were brought "upon information and belief" due to HMH's lack of pre-litigation cooperation and HMH produced almost no documents in discovery in this case until the final day of discovery at which point it produced 54,000 pages of materials that it apparently had withheld until the end of discovery to try to sandbag the civil discovery process.



**Settlement Discussions**

The parties have not engaged in settlement discussions since this case was commenced in April 2013.

                        Respectfully submitted,

                        Kevin McCulloch